**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **GLEN RUMSEY,** | § | |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:22-cv-33** |
| | § | |
| **TRANSMAQUILA, INC. a/k/a** | § | |
| **TRANSMAQUILA FLEET SALES &** | § | |
| **FRED GARCIA,** | § | |
|     **Defendants** | § | |

**NOTICE OF REMOVAL**

**To the Honorable Judges of the United States District Court for the Southern District of Texas, Brownsville Division:**

COMES NOW, TRANSMAQUILA, INC. (improperly named a/k/a Transmaquila Fleet Sales), a defendant in a civil action brought on December 8, 2021 in the County Court at Law No. 1, in Cameron County, Texas, entitled "Glen Rumsey v. Transmaquila, Inc. a/k/a Transmaquila Fleet Sales & Fred Garcia," Cause No. 2021-CCL-01071. Defendant TRANSMAQUILA, INC. files this notice of removal under 28 U.S.C. § 1441, and respectfully shows that removal is proper as follows:

**I.
INTRODUCTION**

1.1   Plaintiff is GLEN RUMSEY, a resident of the State of Texas, United States.

1.2   Defendant TRANSMAQUILA, INC. (improperly named a/k/a Transmaquila Fleet Sales) is a Texas corporation that was fraudulently joined to prevent removal based on diversity jurisdiction.

1.3   Defendant FRED GARCIA ("Defendant GARCIA") is a citizen of Mexico and

resident of Mexico. He does not reside in the United States and he does not have a designated place of employment in the United States.

1.4    Plaintiff filed his suit on December 8, 2021, and the citation and petition in this action were served on TRANSMAQUILA, INC. on March 2, 2022, at 701 E. Levee St., Brownsville, Texas 78520.

1.5    Defendant TRANSMAQUILA, INC. is a Texas corporation. It operates trucks that are permitted to operate within the United States. It does not now, nor has it ever, employed, supervised or contracted with Defendant GARCIA.  Defendant GARCIA has never driven any trucks in the course and scope of employment for Defendant TRANSMAQUILA, INC.  The only connection Defendant TRANSMAQUILA, INC. has to the accident made the basis of this lawsuit is the fact that it owned the tractor involved in the accident. However, Defendant GARCIA was not an agent, servant or employee of Defendant TRANSMAQUILA, INC. at the time of the accident.  Accordingly, Plaintiff cannot prove now or in the future that Defendant TRANSMAQUILA, INC. was liable in any way for the alleged accident made the basis of this suit. Accordingly, Defendant TRANSMAQUILA, INC. is an improper party to this lawsuit and was fraudulently joined solely to prevent removal based on diversity jurisdiction.

1.6    This notice of removal is filed within 30 days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

1.7    In addition, as required by Local Rule 81 and 28 U.S.C. § 1446(a), attached hereto as **Exhibit "A"** is an Index of Matters Being Filed along with the required attachments and all process, pleading, and orders served in the action. Please further see the List of All Counsel of Record attached as **Exhibit "B".**

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper in this case because there is complete diversity between the parties.  28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).  Plaintiff is a citizen of Texas.  Defendant GARCIA is a citizen of Mexico, and Defendant TRANSMAQUILA, INC. can be disregarded under the fraudulent-joinder doctrine because it was fraudulently joined in this suit solely to defeat diversity jurisdiction. Additionally, the amount in controversy exceeds $75,000.00, excluding interest and costs.  28 U.S.C. § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).  Plaintiff's Original Petition alleges that as a result of the incident making the basis of the lawsuit, he "sustained serious personal injuries as a result of Defendants' negligence." *See Plaintiff's Original Petition.* Specifically, Plaintiff's Original Petition claims damages for past and future medical expenses, physical impairment, physical pain and suffering, mental anguish, and property damages, for which Plaintiff seeks monetary relief of $250,000 or less. *See Plaintiff's Original Petition.* Plaintiff has not filed a binding stipulation or affidavit that his damages are below $75,000. Based on the serious personal injuries alleged, and the nature of the damages sought, Defendant believes that should Plaintiff prevail on the claims against Defendant as stated in Plaintiff's Original Petition, Plaintiff seeks damages in excess of $75,000.

2.2     Defendant is entitled to removal in this case under the fraudulent joinder doctrine, because Defendant TRANSMAQUILA, INC., a nondiverse Defendant, was improperly joined to defeat diversity jurisdiction.   "[T]he test for fraudulent joinder is

whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

2.3   Here, there is no possibility of recovery by Plaintiff against Defendant TRANSMAQUILA, INC. First, Plaintiff's Original petition sets forth a cause of action against Defendant GARCIA for negligence, and a cause of action against Defendant TRANSMAQUILA, INC. which states that "At the time of the collision described above, Defendant Garcia was the agent, servant, or employee of Defendant [TRANSMAQUILA, INC.] and was acting within scope of his authority as agent, servant or employee." *See Plaintiff's Original Petition.* Since Defendant GARCIA was not the agent, servant or employee of Defendant TRANSMAQUILA, INC., it will be impossible for Plaintiff to recover damages against Defendant TRANSMAQUILA, INC. on this basis.

2.4   Second, there is no reasonable basis for believing that Plaintiff could recover from Defendant TRANSMAQUILA, INC. at all.  Defendant TRANSMAQUILA, INC. has no connection to the alleged facts and alleged incident made the basis of this suit other than the fact that it owned the tractor that was being driven by Defendant GARCIA. Defendant GARCIA was not an agent, servant or employee of Defendant TRANSMAQUILA, INC. at the time of the accident. Defendant TRANSMAQUILA, INC. therefore has no causal connection whatsoever to the alleged accident made the basis of this suit and the damages asserted by Plaintiff. Therefore, removal is proper in this

case because Plaintiff joined Defendant TRANSMAQUILA, INC., a nondiverse Defendant, solely to defeat diversity jurisdiction.

2.5     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

2.6     Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### III.
### JURY DEMAND

3.1     Defendant hereby demands a trial by jury and tenders the appropriate fee with the clerk of this court.

### IV.
### PRAYER

Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the Plaintiff and Defendant are diverse in citizenship.

WHEREFORE, TRANSMAQUILA, INC, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, now removes this action for trial from the County Court at Law No. 1, in Cameron County, Texas, to this Court, and prays that this Court enter such orders and grant such relief as may be necessary to secure such removal.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: */s/ James H. Hunter, Jr.*

James H. Hunter, Jr.<br>
Attorney-In-Charge<br>
Federal I.D. No. 15703<br>
Texas State Bar No. 00784311<br>
55 Cove Circle<br>
Brownsville, Texas 78521<br>
Tel. (956) 542-4377<br>
Fax (956) 542-4370<br>
Email: jim.hunter@roystonlaw.com<br>
**Attorneys for Defendant,**<br>
**TRANSMAQUILA, INC.**

OF COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

Shauna A. Lozano
Federal ID No. 3151244
Texas State Bar No. 24106229
55 Cove Circle
Brownsville, TX 78523
Telephone: (956) 542-4377
Facsimile: (956) 542-4370
Email: shauna.lozano@roystonlaw.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY, that a true and correct copy of the above and foregoing document was served to all known counsel of record via the e-filing system and/or email on this March 25, 2022.

Marc D. Madrigal II<br>
LORENZ & LORENZ, P.L.L.C.<br>
1515 South Capital of Texas Hwy, #500<br>
Austin, Texas 78746<br>
*Attorneys for Plaintiff*

                                  */s/ James H. Hunter, Jr.*
                                  Of Royston, Rayzor, Vickery & Williams, L.L.P.